UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:25-CR-138-DPJ-ASH

KENDRICK MYERS

ORDER

This criminal case is before the Court on Defendant Kendrick Myers's motion to revoke a detention order.  Mot. [166].  For the reasons stated below, the Court denies his motion.

I.      Facts and Procedural Background

Myers is one of 15 defendants charged with conspiring to distribute cocaine under 21 U.S.C. §§ 846 and 841(a)(1).  *See* Indictment [3].  On February 11, 2026, United States Magistrate Judge Andrew S. Harris conducted a detention hearing and found that bond should be denied.  *See* Feb. 11, 2026 Minute Entry.  A detention order [161] was entered a few days later. Myers challenged that order, Mot. [166], the Government opposed his motion, Resp. [195], and Myers filed no reply.  The time to reply has passed, so the motion is ripe.

II.     Standard of Review

Title 18 U.S.C. § 3145(b) states that "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  When such motions are filed, "the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release."  *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  The district court is not required to conduct a new hearing.  *See United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (unpublished but precedential under 5th Cir. R. 47.5.3).

Whether detention is proper falls under 18 U.S.C. § 3142(e)(1):

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

"[T]he lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249.

"Under the Bail Reform Act, the existence of probable cause to believe that the defendant committed [a drug-trafficking offense] creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (citing 18 U.S.C. § 3142(e)); *see also* 18 U.S.C. § 3142(e)(3)(A).

When the presumption arises, it "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). But that evidence must be capable of rebutting the presumption. *Rueben*, 974 F.2d at 586–87 (holding that defendants' evidence failed to meet their burden of production).

"If the presumption is rebutted, the court 'shall . . . take into account' four statutory factors [under § 3142(g)] to decide whether 'there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Cabello*, No. 25-40482, 2025 WL 2738463, at *1 (5th Cir. Sept. 23, 2025) (quoting 18 U.S.C. § 3142(g)). That said, the presumption isn't a "'bursting bubble' that totally disappears from the judge's consideration after the defendant comes forward with evidence." *Hare*, 873 F.2d at 798. Courts may still rely on the policy considerations buttressing the presumption when weighing the factors under § 3142(g). *Id.* "The statute thus seems to

create an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Id.*

III.    Analysis

Judge Harris found that § 3142(e)(3)'s presumption applies and that Myers failed to rebut the presumption as to dangerousness.  Order [161] at 2, 4.  The Court reaches the same conclusion after conducting a de novo review.

A.    Presumption

Myers concedes that his charge under Controlled Substances Act triggers the rebuttable presumption.  *See* 18 U.S.C. § 3142(e)(3)(A); Mot. [166] at 2.  But he says he rebutted that presumption because his mother testified at the detention hearing "as a third-party custodian" and confirmed that she would reside in Myers's home with his two children.  Mot. [166] at 2. She also noted that he is a lifelong Yazoo City resident, operates a business, and owns no firearms.  *Id.* at 3.

Judge Harris found that this evidence was enough to meet Myers's burden as to non-appearance but not danger.  Myers must rebut both.  *United States v. Mixon*, No. 4:23-CR-274, 2025 WL 242836, at *5 (E.D. Tex. Jan. 17, 2025); *see also Hare*, 873 F.2d at 799.  The Court agrees that Myers's evidence falls short as to whether he remains a danger to the community. While the burden of production is minimal, it is not "zero."  *Mixon*, 2025 WL 242836, at *5; *see also Rueben*, 974 F.2d 586 (holding that defendants' proffered evidence failed to meet their burden).

Myers has presented no new evidence since the hearing, and there is no need for another hearing.  On this record, he hasn't rebutted the danger-to-community presumption.

3

B.    Section 3142(g) Factors

Even if the presumption has not been rebutted, the Court must still review the § 3142(g) factors. *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988). Turning to those factors, the Court considers the nature of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger.

***Nature of Offense.*** Myers tries to mitigate the severity of the alleged crime since it "involves a single purchase of one ounce of cocaine." Mot. [166] at 4. While his purchase did not involve "massive amounts of cocaine" as in cases like *Fortna*, 769 F.2d at 253, Myers does not contend that drug trafficking is a non-serious offense. Nor could he. As noted, even assuming Myers had rebutted the presumption of dangerousness, the Court still weighs the policy reasons for the presumption that attaches to drug-trafficking offenses. *Hare*, 873 F.2d at 798. Congress obviously viewed this offense as serious, setting a 20-year maximum sentence. This factor weighs against Myers's release since drug-trafficking is a serious offense with potentially lengthy imprisonment.

***Weight of the Evidence.*** This factor "has been found 'to be of least importance in the detention determination.'" *Yusuf*, 2020 WL 607105, at *5 (quoting *United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex.), *aff'd*, 341 F. App'x 979 (5th Cir. 2009)). It nevertheless weighs against Myers.

Myers says this factor should favor him because the Government's evidence is premised on a "single incident" that "does not establish that structured conditions would fail." Myers Mot. [166] at 5. As the Government notes though, Myers did not rebut the proffered testimony about the intercepted communications supporting this charge. Gov't Resp. [195] at 4. Without a

suggestion otherwise, the evidence "appears to be strong" as to Myers's alleged role in the drug-trafficking scheme. *United States v. Corral*, No. 3:25-CR-445-E(3), 2016 WL 657598, at *11 (N.D. Tex. Mar. 9, 2026). For these reasons, this factor weighs against Myers.

 ***History and Characteristics.*** Myers's history and characteristics weigh against him. Myers contends the Bail Reform Act "requires balancing, not categorical exclusion." Myers Mot. [166] at 5. That's true. Section 3142(g)(3) includes a host of characteristics a court should consider, including:

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

18 U.S.C. § 3142(g)(3)(A)(B).

 Consistent with those factors, Myers emphasizes that he is a "lifelong resident of Yazoo City" with family ties to the community. Mot. [166] at 5. He also notes that he has operated a business for ten years. *Id.* Characteristics like this weigh in his favor. But those positives are counterbalanced by other things documented in his pretrial services report (PSR).

 To start, Myers has a criminal record. He acknowledges this by noting a single conviction in 2007, Mot. [166] at 5, but he fails to mention that the conviction was for armed robbery involving a shotgun and a pistol. PSR [117] at 5. Nor did Myers address the rest of his criminal history. In 2005, he was convicted in Detroit for receiving stolen property. *Id.* at 4. And in 2007, he was convicted of marijuana possession. *Id.* at 5.

 He also has a history of parole violations. While on supervision for the conviction in Detroit, he appears to have violated two or three times, including a failure to appear in 2006. *Id.*

at 4.  While on supervision for the 2007 armed robbery, he violated his conditions in 2013.  *Id.* at 5.  There may have been others, but it's hard to tell from the PSR, so the Court does not consider them.

Myers also has a "history relating to drug or alcohol abuse."  18 U.S.C. § 3142(g)(3)(A).  According to the PSR, his substance abuse history began when he was 17.  PSR [117] at 4.  And when arrested in this case, he submitted a urinalysis which was "presumptive positive for THC, and methamphetamine."  *Id.*  So, while Myers's criminal convictions are somewhat dated, he was engaging in other criminal conduct when arrested for this offense.

The Court has weighed both the good and the bad and finds that this factor weighs against release.

***Nature and Seriousness of the Danger.***  Lastly, Myers "has engaged in conduct that endangers the community, and he remains a danger to the community."  *Mixon*, 2025 WL 242836, at *7.  Myers has a criminal history involving violent crimes and drugs.  PSR [117] at 4–6.  When combined with his ongoing use of illicit drugs and the presumption that drug traffickers have a propensity for dangerousness, the Court finds the Government has met its burden.  *Mixon*, 2025 WL 242836, at *7.  Therefore, Myers's motion is denied.

IV.    Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have altered the result.  For the reasons stated above, the Court denies Myers's motion [166] and orders that he remain in custody.

**SO ORDERED AND ADJUDGED** this the 1st day of June, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

6